IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-609-D

| | |
|---|---|
| ARTHUR E. DAVIS, III, ) | |
| ) | **MOTION TO DISMISS THE** |
| Plaintiff, ) | **COMPLAINT IN LIEU OF** |
| ) | **ANSWER AND MOTION FOR** |
| v. ) | **ATTORNEYS' FEES** |
| ) | **Fed. R. Civ. P. 12(b)(1) AND 12(b)(6)** |
| DEBRA K. DAVIS, *et. al*, ) | **N.C.G.S. § 6-21.5** |
| ) | |
| Defendants. ) | |

COMES NOW Defendants, Debra Davis, Karla Nelson, Joseph Davis, Pamela Rock, and Thomas Davis (collectively, "Defendants"), by and through their undersigned counsel, and submits their Motion to Dismiss the Complaint in Lieu of an Answer and Motion for Attorneys' Fees (the "Motion") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and N.C. Gen. Stat. § 6-21.5. In support of this Motion, Defendants show unto the Court as follows:

**MOTION TO DISMISS COUNTS 2, 3, 4, 5, 6, 7 AND 8 PURSUANT TO RULE 12(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1. Counts 2, 3, 4, 5, 6, 7, and 8 of the Complaint should be dismissed subject to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction pursuant to the probate exception.

2. Counts 2, 3, 4, 5, 6, 7, and 8 rely upon the veracity of certain documents filed in the probate court of Wake County, North Carolina regarding The Estate of Carrol D. Davis, File No. 09-E-76 (the "Estate").

1

3. Longstanding federal precedent establishes a "probate exception" to federal jurisdiction regarding the administration of an estate, settlement of estate matters, and/or the distribution of property owned by an estate.

4. This court therefore lacks subject matter jurisdiction regarding Counts 2, 3, 4, 5, 6, 7, and 8 and those claims should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**MOTION TO DISMISS COUNTS 1, 2, 3, 4, 5, 6, 7, AND 8 OF THE COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

5. Counts 1 and 8 of the Complaint should be dismissed pursuant to Rule 12(b)(6) because they are barred by the doctrines of *res judicata* and/or collateral estoppel.

6. Count 1 alleges Defendants committed fraud and/or orchestrated a fraudulent transfer regarding real property owned by Davis Group Farms, LLC ("Davis Farms") and DavFam, LLC ("DavFam"), and that Defendants falsified a document which transferred his interests in Davis Farms to Thomas Davis. (Compl. ¶¶ 6-8).

7. Plaintiff previously challenged the validity of the document by which he transferred his interests in Davis Farms and ownership of the real property identified in the Complaint through various state court actions.

8. Count 8 alleges Defendant Debra Davis defamed Plaintiff by filing documents with the Probate Court of Wake County, North Carolina and submitting documents in various other legal actions, which were purportedly false, fabricated, and/or misleading. (Compl. ¶¶ 28-32).

9. Plaintiff previously alleged claims for libel and slander against Defendant Debra Davis regarding the same documents in an action filed in Superior Court of Mecklenburg County, North Carolina in 2015.

2

10. In support of this Motion, Defendants rely on the following documents:

    a. The September 5, 2012 Order Removing Plaintiff as Executor of the Estate, entered by the Clerk of Superior Court of Wake County, North Carolina, is incorporated herein by reference and attached hereto as Exhibit A[1];

    b. The October 25, 2013 Complaint and Verified Petition for Temporary Injunction and Pre-Trial Attachment filed by the Estate of Carrol D. Davis, captioned as *Estate of Carrol D. Davis, by and through its Executor, Debra K. Davis, v. Arthur E. Davis, III*, Case No. CL13004541, in the Circuit Court for the City of Alexandria (the "Alexandria Lawsuit") is incorporated herein by reference and attached hereto, without exhibits, as Exhibit B;

    c. The August 1, 2014 Consent Judgment Order entered by the Clerk for the Circuit Court for the City of Alexandria, Virginia in that action captioned as *Estate of Carroll [sic] D. Davis v. Arthur E. Davis, III,* Case No. CL13004541 (the "Consent Judgment") is incorporated herein by reference and attached hereto as Exhibit C;

    d. The March 19, 2014 Affidavit Declaring Consent to Revocation of Plaintiff's Virginia State Bar License is incorporated herein by reference and attached hereto as Exhibit D;

---

[1] The documents attached to Defendants' Motion to Dismiss the Complaint in Lieu of an Answer are either: (1) incorporated by reference in the Complaint; or (2) pleadings filed in various North Carolina state court actions which are matters of public record. Defendants request this Court take judicial notice of those documents which are public record pursuant to Rule 201 of the Federal Rules of Evidence. The exhibits attached hereto are not presented for consideration of the merits of the underlying cases. Instead, they are provided for this Court to take judicial notice that claims and/or issues were previously litigated between the parties to a final adjudication on the merits.

e. The October 7, 2013 Assignment of Limited Liability Company Interest in which Plaintiff transferred his interests in Davis Farms to Thomas Davis is incorporated herein by reference and attached hereto as <u>Exhibit E</u>;

f. The April 25, 2016 Final Accounting In the Matter of the Estate of Carrol Davis is incorporated herein by reference and attached hereto as <u>Exhibit F</u>;

g. The May 2, 2016 Complaint filed by DavFam in that action captioned as *DavFam, LLC v. Arthur E. Davis III,* File No. 16-CVS-403, Superior Court Division of Franklin County, North Carolina (the "Franklin County Lawsuit") is incorporated herein by reference and attached hereto, without exhibits, as <u>Exhibit G</u>;

h. The July 7, 2016 Answer filed by Arthur E. Davis in the Franklin County Lawsuit is incorporated herein by reference and attached hereto as <u>Exhibit H</u>;

i. The November 7, 2016 Order Granting Motion for Judgment on the Pleadings in the Franklin County Lawsuit is incorporated herein by reference and attached hereto as <u>Exhibit I</u>;

j. The June 6, 2016 Complaint filed by DavFam in that action captioned *DavFam, LLC v. Arthur E. Davis III,* File No. 16-CVS-89, Superior Court Division of Alleghany County, North Carolina (the "Alleghany County Lawsuit") is incorporated herein by reference and attached hereto, without exhibits, as <u>Exhibit J</u>;

k. The December 5, 2016 response by Arthur E. Davis to DavFam's Motion for Summary Judgment in the Alleghany County Lawsuit is incorporated herein by reference and attached hereto as <u>Exhibit K</u>;

l. The December 9, 2016 Order Granting Plaintiff's Motion for Summary Judgment in the Alleghany County Lawsuit is incorporated herein by reference and attached hereto as Exhibit L;

m. The December 13, 2016 Order Granting Motion for Entry of Pre-Filing and Pre-Recording Injunction entered in the Alleghany County Lawsuit is incorporated herein by reference and attached hereto as Exhibit M;

n. The March 18, 2017 Verified Motion for Relief from Summary Judgment and Motion for Reconsideration filed by Arthur E. Davis in the Alleghany County Lawsuit is incorporated herein by reference and attached hereto as Exhibit N;

o. The August 14, 2017 Order Denying the Verified Motion for Relief from Summary Judgment and Motion for Reconsideration in the Alleghany County Lawsuit is incorporated herein by reference and attached hereto as Exhibit O;

p. The September 5, 2017 Notice of Appeal to the North Carolina Court of Appeals filed by Arthur E. Davis regarding the Alleghany County Lawsuit is incorporated herein by reference and attached hereto as Exhibit P;

q. The August 21, 2018 North Carolina Court of Appeals Order Granting DavFam's Motion to Dismiss the Appeal is incorporated herein by reference and attached hereto as Exhibit Q;

r. The August 14, 2019 North Carolina Supreme Court Order Denying Arthur E. Davis' Petition For Discretionary Review is incorporated herein by reference and attached hereto as Exhibit R;

s. The December 4, 2015 Complaint filed by Arthur E. Davis captioned as *Arthur E. Davis III v. Debra K. Davis,* File No. 15-CVS-14871, Superior Court

Division of Mecklenburg County, North Carolina (the "Mecklenburg County Lawsuit") is incorporated herein by reference and attached hereto as <u>Exhibit S</u>; and

t. The March 23, 2016 Order Granting Debra Davis' Motion to Dismiss the Mecklenburg County Lawsuit is incorporated herein by reference and attached hereto as <u>Exhibit T</u>.

11. The doctrine of collateral estoppel additionally bars Plaintiff's claims regarding any distributions from the Estate to which he claims he is owed pursuant to the Consent Judgment.

12. The Consent Judgment, attached hereto as Exhibit C, specifies "[f]urther Ordered that Davis has no claim, now or in the future, to any further distribution from the Estate, which includes the estate of his mother and father . . ."

13. Plaintiff fails to allege facts sufficient to support the requisite elements of a claim for conversion in Count 1 of the Complaint.

14. The April 7, 2015 North Carolina Non-Warranty Deed whereby Davis Farms transferred its interests in that real property located in Bunn, North Carolina, Franklin County, Harris Township (the "Bunn Property") is incorporated herein by reference and attached hereto as <u>Exhibit U</u>.[2]

---

[2] Upon information and belief, Plaintiff's fraud claim is based on the "alteration" or "fabrication" of the Assignment. (Exhibit E). After the Assignment was executed, Davis Farms transferred its interests in a property located in Bunn, North Carolina, Franklin County, Harris Township, to DavFam. (Exhibit U). Similarly, after the Assignment was executed, Davis Farms transferred its interests in a property located in Sparta, North Carolina, Alleghany County, Whitehead Township, to DavFam (Exhibit V). Upon information and belief, since Plaintiff alleges the Assignment was fraudulent, he claims the transfers of the Bunn Property and/or the Alleghany Property to DavFam were fraudulent transfers. It is unclear why Paragraph 7 of the Complaint references quotes language referencing a property in Louisburg, North Carolina. The property in Louisburg, North Carolina was sold by Plaintiff in 2012 while he served as managing member of Davis Farms, and prior to his execution of the Assignment.

6

15. The April 29, 2015 North Carolina Non-Warranty Deed whereby Davis Farms transferred its interests in that real property located in Sparta, North Carolina, Alleghany County, Whitehead Township (the "Alleghany Property"), is incorporated herein by reference and attached hereto as Exhibit V.

16. The statute of limitations for Plaintiff to pursue a claim for conversion and/or fraud regarding the Bunn Property and/or the Alleghany Property expired on April 7, 2018 and/or April 29, 2018, respectively.

17. The time for Plaintiff to pursue claims for fraudulent transfer regarding the Bunn Property and/or the Alleghany Property, as alleged in Count 1 of the Complaint, expired either in April 7, 2019 and/or April 29, 2019, respectively.

18. Plaintiff fails to allege fact sufficient to support the requisite elements of a claim for malicious prosecution in Count 2 of the Complaint.

19. Additionally, the time for Plaintiff to file a claim for malicious prosecution against Defendants expired, at the latest, in August 2017.

20. Counts 3, 4, 5, 6, and 7 of the Complaint for extortion should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because no civil claim for extortion exists in North Carolina and the Complaint does not allege facts sufficient to support a federal civil claim for extortion under the RICO Act.

21. Count 8 of the Complaint for slander should be dismissed pursuant to Rule 12(b)(6) pursuant to judicial privilege and because it is barred by the applicable statute of limitations.

22. A defamatory statement made in the course of a judicial proceeding is absolutely privileged pursuant to applicable North Carolina state law and Virginia state law.

7

Case 5:20-cv-00609-D   Document 30   Filed 03/08/21   Page 7 of 10

23. Additionally, even assuming Plaintiff had a viable claim for slander regarding any defamatory statements made in any of the referenced judicial actions it expired, at the latest, by August 2018.

24. All claims against Defendants Karla Davis, Joseph Davis, Pamela Rock, and Thomas Davis should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege sufficient facts to support any cognizable claim as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

## MOTION FOR ATTORNEYS' FEES PURUSANT TO N.C.G.S. § 6-21-5

25. The Complaint asserts state law claims but was filed in the United States Federal District Court on the basis of diversity jurisdiction.

26. When sitting in diversity, federal courts look to state law in determining whether to award attorneys' fees.

27. N.C.G.S. § 6-21.5 permits a court to award attorneys' fees to a prevailing party when there is a complete absence of a justiciable issue of either law or fact raised by a losing party in a proceeding.

28. As explained *supra*, and in further detail in the accompanying brief, the Complaint lacks any justiciable issue of law or fact.

29. As a former attorney, Plaintiff knew, or should have known, the Complaint lacked any basis for his arguments.

[THIS SPACE INTENTIONALLY LEFT BLANK]

30. For the foregoing reasons, this Court should award Defendants their reasonable attorneys' fees associated with this Motion.

This the 8th day of March, 2021.

/s/ Satie Munn
Trey Lindley, N.C. State Bar No. 31650
Satie Munn, N.C. State Bar No. 47971
LINDLEY LAW, PLLC
326 W. 10th St.
Charlotte, NC 28202
Telephone: (704) 457-1010
Facsimile: (704) 457-1002
Email: smunn@lindleylawoffice.com
Email: tlindley@lindleylawoffice.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION TO DISMISS COMPLAINT IN LIEU OF ANSWER AND MOTION FOR ATTORNEYS' FEES** was electronically filed on March 8, 2021 with the Clerk of Court using the CM/ECF system and notice was thereby given to all CM/ECF participants. The parties were additionally served by depositing a copy of the same in a first-class postage-paid envelope into a depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

Arthur E. Davis
4511 Broadway Apt. 4A
Astoria, NY 11103
arthemdav@protonmail.com
*Pro Se Plaintiff*

This the 8th day of March, 2021.

/s/ Satie Munn
Trey Lindley, N.C. State Bar No. 31650
Satie Munn, N.C. State Bar No. 47971
LINDLEY LAW, PLLC
326 W. 10th St.
Charlotte, NC 28202
Telephone: (704) 457-1010
Facsimile: (704) 457-1002
Email: smunn@lindleylawoffice.com
Email: tlindley@lindleylawoffice.com
*Counsel for Defendants*

10

Case 5:20-cv-00609-D   Document 30   Filed 03/08/21   Page 10 of 10