IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION
No. 5:20-cv-609-D

ARTHUR E. DAVIS, III,            )
                                 )
            Plaintiff,           )
                                 )   ORDER GRANTING DEFENDANTS'
        v.                       )   MOTION AND REQUEST FOR
                                 )   ATTORNEYS' FEES PURSUANT TO
DEBRA K. DAVIS, *et. al*,        )   N.C. GEN. STAT. §6-21.5
                                 )
            Defendants.          )

This matter is before the Court on Defendants' Motion and Request for Attorneys' Fees Pursuant to N.C. Gen. Stat. § 6-21.5. [D.E. 39]. Defendants seek $18,309.56 in attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5, due to a lack of any justiciable issue of law or fact alleged in the Complaint. [D.E. 31] 22-24.

## FINDINGS OF FACT

1. Plaintiff, Arthur E. Davis, III, is a former Virginia attorney who so mishandled funds from his parents' estate that the Wake County Superior Clerk of Court removed him as Executor on September 5, 2012, and he ultimately consented to revocation of his Virginia Bar License on November 21, 2014. See Order, In re Arthur Emerson Davis III, VSB Docket No. 13-042-094-524 (Nov. 21, 2014) (unpublished).

2. Defendants are Plaintiff's five (5) siblings.

3. Plaintiff filed this action alleging his siblings are liable to him for fraud, fraudulent transfer, slander, distribution, conversion, malicious prosecution, slander, and extortion. [D.E. 1].

1

4. On November 5, 2020, this action was transferred from the United States District Court for the Southern District of New York to the United States District Court for the Eastern District of North Carolina via a Transfer Order entered by the Honorable Louis Stanton. [D.E. 7].

5. On March 8, 2021, Defendants timely filed their Motion to Dismiss the Complaint in Lieu of Answer pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss") and Motion for Attorneys' Fees pursuant to N.C. Gen. Stat. § 6-21.5. [D.E. 30].

6. On May 12, 2021, this Court entered an Order granting the Motion to Dismiss and granting Defendants' Motion for Attorneys' Fees (the "Order"). [D.E. 37].

7. The Order dismissed the Complaint in its entirety.

8. Specifically, each of Plaintiff's claims were summarily dismissed either: (1) pursuant Rule 8(a)(2) for failure to allege state a short and plain statement of the claim showing Plaintiff is entitled to relief; (2) pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction; (3) pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted; (4) due to the claims being barred by the applicable statute of limitations; (5) due to the claims being barred by the doctrines of collateral estoppel and res judicata; or (6) due to the doctrine of judicial privilege.

9. There is a complete absence of a justiciable issue of either law or fact raised by the Plaintiff in the Complaint.

10. As a former attorney, Plaintiff knew, or should have known, the Complaint lacked justiciable issues of law or fact.

11. The Complaint is not supported by a good faith argument for an extension, modification, or reversal of law.

12. The Order specifies Plaintiff "has engaged in unending litigation against his siblings concerning the estate. This case is the latest chapter."

13. Plaintiff filed this action for the purpose of harassing Defendants in retaliation for his removal as Executor of the Estate and the loss of his Virginia State Bar license.

14. The Order directs Defendants to "document and file their request for reasonable attorneys' fees not later than June 14, 2021." [D.E. 37].

15. The same day the Order was entered, a Judgment in this matter was entered affirming dismissal of the Complaint and the award of Defendants' reasonable attorneys' fees associated with defending these baseless claims. [D.E. 38].

16. As directed by this Court, counsel for Defendants timely filed their Motion and Request for Attorneys' Fees and attached an Affidavit of Attorneys' Fees in support of the same. [D.E. 39].

17. This Court reviewed and considered the reasonableness of the invoices and billable time entries attached as exhibits to the Affidavit of Attorneys' Fees. [D.E. 39].

## CONCLUSIONS OF LAW

1. In determining whether to award attorneys' fees, a federal court can apply state law when "the state law does not run counter to a valid federal statute or rule of court . . ." *Underhill v. Travelers Ins. Co.*, 1991 U.S. Dist. LEXIS 19319, 2-3 (E.D.N.C. 1991).

2. North Carolina State Law is applicable in this case.

3. N.C. Gen. Stat. § 6-21.5 permits a court, upon motion of a prevailing party, to award reasonable attorneys' fees "if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading."

4. Defendants are the prevailing party in this matter.

5. Defendants are entitled to payment of their reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5.

6. The hourly rate charged to Defendants for their defense in this action are reasonable given the prevailing rates in North Carolina.

7. Defendants' attorneys' fees are reasonable under the circumstances and due to the knowledge and skill required to defend the claims as alleged in the Complaint.

8. Defendants' attorneys' fees are not excessive, redundant, or otherwise unnecessary.

For the foregoing reasons, Defendants' Motion and Request for Attorneys' Fees is **GRANTED** pursuant to N.C. Gen. Stat. § 6-21.5. Defendants are awarded $18,309.56 in reasonable attorneys' fees and expenses associated with their defense of this lawsuit. Plaintiff is further ordered to pay Defendants their reasonable attorneys' fees within thirty (30) days of entry of this Order.

SO ORDERED. This the 22 day of July, 2021.

_____
JAMES C. DEVER III
United State District Judge