IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-609-D

| | |
|---|---|
| ARTHUR E. DAVIS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| DEBRA K. DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

On August 23, 2021, Arthur E. Davis, III ("Davis" or "plaintiff") moved for an unbonded stay of execution on judgment awarding attorneys' fees [D.E. 46]. On August 24, 2021, defendants responded in opposition [D.E. 47]. As explained below, the court denies Davis's motion.

On May 12, 2021, this court granted defendants' motion to dismiss this action [D.E. 37]. The same day, this court entered a judgment dismissing this action and directing defendants to file their request for attorneys' fees and supporting documentation no later than June 14, 2021 [D.E. 38]. On June 9, 2021, plaintiff filed his notice of appeal "from the Judgment entered in this action on the 12th day of May, 2021" [D.E. 39].

On June 14, 2021, defendants filed their motion and request for attorneys' fees and an affidavit and exhibits in support [D.E. 43]. On July 22, 2021, this court granted defendants' motion for attorneys' fees [D.E. 44]. That order directed plaintiff to pay defendants' attorneys' fees in the amount of $18,309.56 within 30 days of the order. See id. at 4. Plaintiff did not appeal the order.

On August 18, 2021, three days before the deadline to pay defendants' attorneys' fees in compliance with the order, Davis asked this court stay the award of attorneys' fees pursuant to Rule

62 of the Federal Rules of Civil Procedure. See [D.E. 46]. On August 24, 2021, defendants responded in opposition. See [D.E. 47].

Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Plaintiff did not appeal the order awarding $18,309.56 in attorneys' fees.

Plaintiff is not entitled to a stay of execution of the order concerning attorneys' fees without bond under Rule 62 of the Federal Rules of Civil Procedure. Rule 62(a) grants an automatic stay of execution for 30 days from entry of an order, which time has now lapsed. Rule 62(b) permits a party to obtain a stay "by providing a bond or other security." Fed. R. Civ. P. 62(b). Plaintiff has not done so.

Rule 62(e) only allows a stay of execution without bond if the appellant is (1) the United States; (2) an officer of the United States; (3) an agency of the United States; or (4) a department of the federal government. See Fed. R. Civ. P. 62(e). Plaintiff is not the United States, an officer or agent of the United States, or a department of the federal government.

In sum, the court DENIES plaintiff's motion [D.E. 46]. Plaintiff SHALL comply with the order concerning attorneys' fees not later than October 15, 2021.

SO ORDERED. This 16 day of September, 2021.

A. Dever<br>
JAMES C. DEVER III<br>
United States District Judge